**IN RE: Mary S. MCDONALD, Debtor(s).**

**C/A No. 13–01256–JW**

United States Bankruptcy Court, D. South Carolina

Filed July 3, 2013

John Timothy Stack, Office of the United States Trustee, Columbia, SC, for U.S. Trustee.

Chapter 13

**ORDER (1) CERTIFYING CASE TO DISTRICT COURT FOR FINDING OF CRIMINAL CONTEMPT OF PRIOR BANKRUPTCY ORDERS AND (2) REFERRING MATTER TO THE UNITED STATES ATTORNEY**

John E. Waites, UNITED STATES BANKRUPTCY JUDGE

This matter came before the Court for a hearing on the Order and Rule to Show

Cause regarding Sherwood W. Salmons ("Salmons") issued by the Court on March 25, 2013 ("Salmons Rule"). The Salmons Rule required Salmons to appear before the Court for the following reasons: (i) to explain his failure to comply with the prior orders of this Court; (ii) to show cause why he should not be held in civil contempt and/or have fines imposed against him pursuant to 11 U.S.C. § 110(l) for his failure to comply with the provisions of 11 U.S.C. § 110; (iii) to show cause why the actions of Salmons in this matter should not be referred to the United States District Court for the District of South Carolina for violation of this Court's prior orders and the unauthorized practice of law by Salmons before the United States Bankruptcy Court for the District of South Carolina; (iv) to show cause why this matter should not be referred to the South Carolina Supreme Court for the unauthorized practice of law by Salmons in the State of South Carolina; and (v) to show cause why the United States Attorney's Office for the District of South Carolina, the South Carolina Attorney General, local law enforcement, and/or local prosecutors should not be notified of Salmons' actions in this case. The Salmons Rule was properly served on Salmons.[1] Salmons failed to appear at the April 23, 2013 hearing.

This Court has jurisdiction over this matter as a core proceeding pursuant to 28 U.S.C. §§ 1334 and 157. In light of the record developed in this case and pursuant to Fed.R.Civ.P. 52, which is made applicable to this proceeding by Fed.R.Bankr.P. 7052, the Court makes the following Findings of Fact and Conclusions of Law.[2]

## FINDINGS OF FACT

The Salmons Rule was issued by the Court as a result of a separate hearing on March 14, 2013 on a Rule to Show Cause requiring Mary S. McDonald ("Debtor") to appear and show cause that she could be a debtor in this case in accordance with 11 U.S.C. § 109 of the Bankruptcy Code. Debtor filed her first voluntary petition under chapter 13 of the Bankruptcy Code on March 25, 2009, C/A No. 09–02230–jw. On March 1, 2013, while the Debtor's first case was still pending, Debtor filed a second voluntary petition under chapter 13 of the Bankruptcy Code, which commenced this case. During the hearing on March 14, 2013, Debtor testified and presented evidence to the Court indicating that, despite having another chapter 13 case (C/A No. 09–02230–jw) simultaneously pending before the Court and the undersigned judge, she was induced into filing this case by Salmons, who was acting as a bankruptcy petition preparer. The Debtor also testified that she paid Salmons for his services in the form of MoneyPak gift cards totaling $300. On March 14, 2013, the Court dismissed this bankruptcy case (C/A 13–01256–jw) and retained jurisdiction for the purpose of addressing the actions by Salmons.[3] Based on the Debtor's testimony, it appears that by advising the Debtor and preparing bankruptcy documents filed by the Debtor, Salmons engaged in conduct punishable by 18 U.S.C. § 156 as a result of the subsequent dismissal of the

---

**1.** Notice was sent to Salmons at the following addresses, which include those addresses set forth in the prior orders of this Court: 3500 Fernandina Road, Suite G–2, Columbia, SC 29210; 3500 Fernandina Road, Suite E–1, Columbia, SC 29210; 3528 Kay Street, Columbia, SC 29210; and 242 Tram Road, Columbia, SC 29210.

**2.** To the extent any of the following Findings of Fact constitute Conclusions of Law, they are adopted as such, and to the extent any Conclusions of Law constitute Findings of Fact, they are also adopted as such.

**3.** The Debtor's other chapter 13 case (C/A No. 09–02230–jw) remains open.

Debtor's second bankruptcy case, engaged in the unauthorized practice of law, violated 11 U.S.C § 110 in the instant matter, and intentionally violated prior orders issued by this Court. Salmons failed to appear at the April 23, 2013 hearing on the Salmons Rule as ordered.

## CONCLUSIONS OF LAW

### 1. Violation of 18 U.S.C. § 156

■ Salmons' actions, including acting as a bankruptcy preparer and engaging in the unauthorized practice of law, resulted in the dismissal of the Debtor's case and, therefore, fall within the scope of 18 U.S.C. § 156, which expressly provides that

> If a bankruptcy case or related proceeding is dismissed because of a knowing attempt by a bankruptcy petition preparer in any manner to disregard the requirements of title 11, United States Code, or the Federal Rules of Bankruptcy Procedure, the bankruptcy petition preparer shall be fined under this title, imprisoned not more than 1 year, or both.

18 U.S.C. § 156(b). A violation under 18 U.S.C. § 156(b) occurs where: "(i) a bankruptcy petition preparer; (ii) disregards a requirement of either title 11 or the Federal Rules of Bankruptcy Procedure; and such disregard (iii) causes in any manner; (iv) the dismissal of either a bankruptcy case or a related proceeding; and (v) such disregard was knowing." Collier on Bankruptcy ¶ 7.06[1] (16th ed. 2012).

Based on the Debtor's testimony at the March 14, 2013 and April 23, 2013 hearings, Salmons served in the capacity of "bankruptcy petition preparer" for the Debtor's second bankruptcy case within the definition under 11 U.S.C. § 110(a)(1) and engaged in the unauthorized practice of law by advising the Debtor regarding her bankruptcy filing. Furthermore, Salmons disregarded the requirements of 11 U.S.C. § 110 as evidenced by: (i) his failure to sign the prepared documents, (ii) his failure to provide the required written notice to the Debtor describing the limitations placed on a bankruptcy preparer, (iii) his failure to place his social security number on the documents prepared for filing with the Court, (iv) providing legal advice to the Debtor, and (v) his failure to supply the required sworn declaration to the Debtor that was to be filed with the petition. *See* 11 U.S.C. § 110(b), (c), (e), and (h).

■ The filing of a second simultaneous case evidences bad faith and is an abuse of the bankruptcy system and, thus, constitutes cause for dismissal. *See In re Steadman*, C/A No. 03–02362–W, slip op. at 2 (Bankr.D.S.C. Apr. 7, 2003); *In re Garner*, C/A No. 02–02058–W, slip op. at 6 (Bankr. D.S.C. Mar. 11, 2002). In this instant case, the Debtor based her refiling on the solicitation and advice given by Salmons and failed to demonstrate good faith, a change of circumstances, or other grounds to warrant a refiling while a chapter 13 case was already pending. Therefore, the Debtor's second bankruptcy case was dismissed.

The Court also finds that Salmons had the knowledge required under 18 U.S.C. § 156(b). Based on the history of Salmons' actions in bankruptcy cases in both this District and other districts and prior orders of this Court in which either the Court found or Salmons consented to statements indicating that his prior conduct as a bankruptcy petition preparer violated the Bankruptcy Code, the Court finds that Salmons' actions in this case constitute a "knowing attempt . . . to disregard" the Bankruptcy Code. *See Walton v. Salmons (In re Arthur L. Johnson)*, C/A 11–12608–SDB, Adv. P. No. 12–01009–SDB (Bankr.S.D.Ga. July 3, 2013).

Therefore, based on the subsequent dismissal of the Debtor's second bankruptcy case (C/A No. 13–01256–jw), it appears that all of the elements of 18 U.S.C. § 156 have been satisfied and Salmons' conduct should subject him to the consequences set forth therein, including a fine and/or imprisonment.

## 2. Contempt

█ Based on the Debtor's testimony and the evidence presented at the April 23, 2013 hearing, the Court finds that Salmons is in contempt of court because he has continued to perform the actions specifically prohibited by the order entered by Judge J. Bratton Davis on July 13, 1999 in *McDow v. Salmons*, C/A No. 99–00385–D, Adv. Pro. No. 99–80144–D, which permanently enjoined him from acting as a bankruptcy petition preparer in this jurisdiction (the "1999 Order"). Salmons has also failed to comply with the terms of at least two subsequent orders and judgments against him for violations of the 1999 Order. *See McDow v. Salmons (In re Tammy M. Roberts)*, C/A 07–06723–jw, Adv. P. No. 08–80008–jw (Bankr.D.S.C. Apr. 2, 2008) (finding that Salmons continued to prepare bankruptcy petitions and engage in the unauthorized practice of law despite the 1999 Order) and *In re Anna Y. Garrison*, 492 B.R. 473 (Bankr.D.S.C.2012) (Salmons consented to sanctions for the unauthorized practice of law and agreed not to contest the general allegations that he violated the 1999 Order, which permanently enjoined him from acting as a bankruptcy petition preparer and from engaging in the unauthorized practice of bankruptcy law).

█ In addition to Salmons' failure to comply with the prior orders of this Court,

he has failed to comply with the provisions of 11 U.S.C. § 110, which sets forth the obligations of a bankruptcy petition preparer (as defined in § 110(a)(1)). Therefore, the Court finds that Salmons is also in civil contempt based on his failure to comply with the provisions of 11 U.S.C. § 110 and, therefore, is ordered to pay a fine of $500 pursuant to 11 U.S.C. § 110(1)(4) within thirty (30) days from the entry date of this Order.

Based on Salmons' actions, which include both the preparation of bankruptcy petitions and documents filed in this District and the unauthorized practice of law before this Court, the Court finds that such actions by Salmons are harmful to debtors that he counsels, the integrity of the judicial process, and the public. Therefore, pursuant to this Court's inherent authority to regulate litigants before it and to address improper conduct as recognized by the Fourth Circuit Court of Appeals in *In re Weiss*, 111 F.3d 1159 (4th Cir.1997), the Court finds that the prohibitions on Salmons' actions before this Court, as set forth in the prior orders of this Court, shall remain in place.[4]

## 3. Certification of this Matter to the United States District Court for the District of South Carolina and Referral of this Matter to the United States Attorney for the District of South Carolina

█ Having determined that Salmons' conduct appears to fall within the scope of 18 U.S.C. § 156 and that the prior orders and sanctions issued by this Court have had no deterrent effect and are being intentionally violated by Salmons, a determination regarding whether such actions

---

**4.** This Court reserves jurisdiction and the authority to enter further orders in this matter as necessary.

constitute criminal contempt may be warranted. *See United States v. Guariglia*, 962 F.2d 160, 163 (2d Cir.1992) (a district court may punish for criminal contempt a violation of an order of a bankruptcy court where the bankruptcy court is a "unit" of the district court imposing the punishment).

Therefore, the Court hereby certifies the issue of Salmons' conduct in this case to the United States District Court for the District of South Carolina for the purpose of considering whether Salmons should also be held in criminal contempt for his continued disregard of the express provisions of the Bankruptcy Code and the prior orders of this Court pursuant to 18 U.S.C. §§ 401 and 402.

■ In addition, the Court hereby refers this matter to the United States Attorney for the District of South Carolina for consideration of whether to prosecute Salmons for (i) conduct resulting in the dismissal of the Debtor's bankruptcy case, as set forth in 18 U.S.C. § 156, and (ii) criminal contempt of court pursuant to 18 U.S.C. § 402 based on his repeated violations of the orders of this Court. Further, this Court requests that the United States provide notice to both this Court and the District Court as to whether it intends to pursue prosecution, within thirty (30) days of the entry of this Order.

The office of the Clerk of this Court is hereby directed to provide notice of this Order to Salmons, the Debtor and her counsel, and the United States Trustee. The Clerk of this Court shall transmit this Order and copies of the following documents, which are attached hereto, to the United States District Court for the District of South Carolina and the United States Attorney for the District of South Carolina:

1. *In re McDonald*, C/A 13–01256–jw (Bankr.D.S.C. Mar. 5, 2013) (order to appear and show cause);

2. *In re McDonald*, C/A 13–01256–jw (Bankr.D.S.C. Mar. 14, 2013) (order dismissing case and retaining jurisdiction);

3. *In re McDonald*, C/A 13–01256–jw (Bankr.D.S.C. Mar. 25, 2013) (order to appear and show cause);

4. *McDow v. Salmons (In re Calvin Dubose)*, C/A No. 99–00385–D, Adv. Pro. No. 99–80144–D (Bankr.D.S.C. July 13, 1999) (order granting relief requested by United States Trustee);

5. *McDow v. Salmons (In re Tammy M. Roberts)*, C/A 07–06723–jw, Adv. P. No. 08–80008–jw (Bankr.D.S.C. Apr. 2, 2008) (order finding Salmons in civil contempt of prior orders of the Court and imposing certain fines); and

6. *In re Anna Y. Garrison*, 492 B.R. 473 (Bankr.D.S.C.2012) (consent order regarding Salmons' violations of prior court orders).

### CONCLUSION

Pursuant to 11 U.S.C. § 110, Sherwood W. Salmons should be and hereby is fined $500. These fines shall be paid in accordance with 11 U.S.C. § 110(1) within thirty (30) days from the entry of this Order. The imposition of these fines shall constitute a money judgment against Salmons. Furthermore, these matters, as indicated above, are hereby certified to the United States District Court for the District of South Carolina and referred to the United States Attorney for the District of South Carolina for consideration.

**AND IT IS SO ORDERED.**